## Panza v. Women's Health Services, Inc.

Now before the administrator are the preliminary objections of Women's Health Services, Inc., filed

December 7, 1978, raising the jurisdiction of the arbitration panels over it. It appears from the complaint, filed December 4, 1978, that Women's Health Services, Inc., is an abortion clinic.

While abortion clinics as such are not normally considered health care providers, the arbitration panels still have jurisdiction. The Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309, (hereinafter the act), provides that, "[t]he arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." See also, Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978).

Since plaintiff joined Women's Health Services, Inc., with R. A. Fulcinite, M.D. and Robert O. Apeli, M.D., health care providers, in her complaint, she has satisfied the jurisdictional requirements set forth in the act: 40 P.S. §1301.309. Accordingly, we enter the following

## ORDER

And now February 7, 1979, upon consideration of the preliminary objections of Women's Health Services, Inc., it is hereby ordered and decreed that said objections are overruled and within 20 days from the date this order is certified from the record, Women's Health Services, Inc., shall file an answer to plaintiff's complaint.